**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

October 27, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE: *Evans v. Fortiline, Inc.*
Civil No. 1:26-cv-01537-MJM

Dear Counsel:

Plaintiff, Andrew Evans ("Plaintiff") brought this breach of contract case against Defendant Fortiline, Inc. ("Defendant" or "Fortiline"). (ECF No. 1). Currently before the Court is a dispute concerning Fortiline's request that the Court compel Plaintiff to produce his personal laptop for a forensic examination and extend the discovery deadline by 90-days. (ECF Nos. 30, 31, 32). The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Defendant's request is GRANTED in part and DENIED in part.

## I. Background

The instant case asserts a breach of contract claim against Defendant. (ECF No. 1 at 4).[1] Plaintiff was previously an employee of Belair Road Supply Company, Inc. ("Belair") from April 2022 until March 2025, when Defendant acquired Belair and Plaintiff became an employee of Defendant. *Id.* at 2. After Defendant's acquisition of Belair, the parties entered into an Employment Agreement on March 6, 2025. *Id.* Plaintiff represents that Section 10 of the Employment Agreement provides that if Plaintiff is terminated without cause, he is entitled continued payment of his salary for two years. *Id.*

Plaintiff alleges that on April 1, 2026, Defendant terminated his employment. *Id.* at 3. Defendant asserts that Plaintiff was terminated "for soliciting a current Fortiline employee to start a competing business in violation of his Employment Agreement." (ECF No. 31 at 1). Plaintiff alleges that no solicitation occurred, meaning he was terminated without cause and is therefore entitled to receive his salary for two years, ultimately totaling $350,000. (ECF No. 32 at 1).[2]

Judge Maddox referred this case to the undersigned for discovery and related scheduling on July 8, 2026. (ECF No. 14). Thereafter, on October 12, 2026, the parties filed a joint letter

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document does not have an electronic filing stamp, the Court is referring to the page numbers at the bottom of the document.

[2] Plaintiff asserts that his base salary was $175,000. (ECF No. 1 at 3).

indicating the present discovery dispute. The parties filed their position statements the next day. (ECF Nos. 30, 31, 32). The Court addresses each dispute in turn below.

## II. Legal Standard

"District courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996). As a result, "discovery rulings are generally not overturned on appeal 'absent a showing of clear abuse of discretion," which "will only be identified where discovery restrictions prevent a litigant from 'pursuing a litigation theory.'" *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018). Federal Rule of Civil Procedure 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party seeking discovery therefore carries the burden of establishing its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted. *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018); *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005).

Although Rule 26 does not define "relevance," it has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020) (other citations omitted); *see also Fish v. Air & Liquid Sys. Corp.*, GLR-16-496, 2017 WL 697663, at *2 (D. Md. Feb. 21, 2017). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. Analysis

### A. Defendant's Request for Forensic Examination of Plaintiff's Personal Laptop is Denied

The present dispute before the Court concerns Defendant's request for the Court to compel forensic examination of Plaintiff's personal laptop and extend the discovery deadline by 90-days. (ECF No. 34). Defendant asserts that when it first employed Plaintiff, he "performed Fortiline work using his personal Apple laptop computer" after syncing "his Fortiline email account with his Apple email account, which allowed him to access his Fortiline email on his personal laptop." (ECF No. 31 at 1). Plaintiff does not dispute that he used his personal laptop for Fortiline business for several months, with which he claims Defendant took no issue. (ECF No. 32 at 1).

Relevant to the present dispute, on July 27, 2026, Defendant represents that it propounded Requests for Production of Documents, which included a request for forensic imaging of all electronic devices used by Plaintiff from March 1, 2025 to present in relation to his employment

with Defendant.[3] (ECF No. 31-1 at 5). Defendant claims that Plaintiff responded to these requests on August 26, 2026, by refusing to produce any devices for forensic imaging. (ECF No. 31 at 1). Defendant states that Plaintiff also did not produce any emails or other Electronically Stored Information ("ESI"), but upon review of materials in its possession, Defendant discovered that Plaintiff previously emailed Fortiline information to his personal Gmail containing "confidential/trade secret pricing information . . . ." *Id.* at 2. Plaintiff asserts that the email to his personal account was inadvertent "and was intended as a response to the sender of the earlier email" which he claims was obvious from the fact the that the email responds to the earlier sender. (ECF No. 32 at 2).

In light of Defendant's discovery, the parties met and conferred, during which Defendant claims that it learned Plaintiff himself conducted a search of responsive documents, which did not include his personal email or laptop. (ECF No. 31 at 2). Shortly thereafter, Counsel for the Plaintiff indicated that a search of Plaintiff's email and supplemental production would occur, which was completed on October 2 and 5. *Id.*[4] Defendant alleges that this production "raised additional questions about what happened to the Fortiline information [Plaintiff] emailed to himself during his employment, and whether the searches done to date are adequate to find all responsive ESI." *Id.* Additionally, Defendant states that on October 12, 2026, it learned that Plaintiff had Fortiline documents on his personal laptop.[5] *Id.* Plaintiff claims that such documents are "run of the mill" and without relevance to any claims or defenses in the current litigation, but such documents will nevertheless be produced. (ECF No. 32 at 2-3).

Given the foregoing, Defendant argues that a forensic analysis of Plaintiff's laptop is necessary to ensure discovery of information bearing on whether Plaintiff improperly solicited any Fortiline employees or otherwise competed with Fortiline. (ECF No. 31 at 2). Defendant claims

---

[3] Request for Production No. 5 is as follows:

> Produce for forensic electronic imaging any and all electronic devices you used to: (i) communicate with recruiters and headhunters, who contacted you on behalf of private equity firms and/or hedge funds, during the time period March 1, 2025 to present , (ii) download and/or view any Fortiline information from March 1, 2025 through the present, (iii) communicate with anyone regarding your separation of employment from Fortiline, and/or (iv) communicate with current or former Fortiline employees about other business opportunities, whether actual or hypothetical, whether initiated by you or others. The Parties will promptly negotiate an ESI forensic protocol to determine to govern this collection, except that the Defendant has exclusive choice of ESI vendors.

(ECF No. 31-1 at 8).

[4] Plaintiff ran two separate searches for "@fortiline.com" and (2) andrew.evans@fortiline.com. (ECF No. 32 at 2). Additionally, he ran searches for each of the following terms individually: "recruiter," "headhunter," "private equity," "termination," "fired," "contract," "Mark Boring," "startup," and "new business." *Id.*

[5] Specifically, Counsel for the Plaintiff stated that Plaintiff "does have Fortiline documents from before he received his Fortiline-issued laptop. He has not done anything with these documents (and has not deleted anything), but he has them. They are run of the mill documents that he was working with in the scope of his employment and do not bear on any solicitation. They will be produced, along with the emails." (ECF No. 31-3 at 2).

that Plaintiff's prior "piecemeal and lackadaisical approach to searching for responsive documents raises questions about the sufficiency of his search efforts to date." *Id.* at 3. Plaintiff argues that Defendant's request is not proportional given that he will provide Defendant with relevant non-privileged emails and documents. (ECF No. 32 at 3).

Rule 34 sets out the procedures to be used to produce ESI, subject to the proportionality limitations applicable to all discovery under Rule 26(b). Specifically, it "governs, among other things, a request to 'inspect, copy, test, or sample' electronically stored information, which includes forensic examination of electronic devices." *Survivor a v. Anne Arundel Cnty. Bd. of Educ.*, No. CV BAH-24-1571, 2026 WL 2326237, at *3 (D. Md. Aug. 11, 2026) (quoting Fed. R. Civ. P. 34(a)(1)(A)). Courts "have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." *Downs v. Virginia Health Sys.*, No. CV 5:13CV00083, 2014 WL 12776888, at *3 (W.D. Va. June 2, 2014) (quoting *John B. v Goetz*, 531 F.3d 448, 459-60 (6th Cir. 2008)). "As this Court has observed, a forensic examination imposes 'intrusions, costs, and delays'" making it a "drastic discovery measure . . . [that] must be proportional to the needs of the case." *Survivor a*, 2026 WL 2326237, at *3 (quoting *Simone v. VSL Pharms., Inc.*, Civil Action No. TDC-15-1356, 2018 WL 1365848, at *10 (D. Md. Mar. 16, 2018)).

"[M]ere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *Downs*, 2014 WL 12776888, at *3 (quoting *John B.*, 531 F.3d at 460). However, "restrained and orderly computer forensic examinations have been permitted, where the moving party has demonstrated that the opposing party has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means." *Id.* "In cases where the existence of a document on an electronic device would itself be probative of an issue in dispute, courts are more likely to find that the intrusions, costs, and delays attendant to a forensic examination are proportional to the needs of the case." *Simone*, 2018 WL 1365848, at *10.

Here, the Court declines to compel Plaintiff to submit his personal laptop for a forensic examination at this time. First, although Defendant contends that forensic imaging is necessary to determine what relevant information remains on Plaintiff's laptop, it fails to suggest that Plaintiff deleted or otherwise destroyed responsive information that could only be obtained through forensic imaging. *See Cross by & Through Steele v. XPO Express, Inc.*, No. 4:15-CV-2481-BHH, 2016 WL 11519221, at *7 (D.S.C. May 3, 2016); *cf. Orrell v. Motorcarparts of Am., Inc.*, No. CIV. 3:06CV418-R, 2007 WL 4287750, at *7–9 (W.D.N.C. Dec. 5, 2007) (allowing forensic examination of the plaintiffs' home computer where the computer had allegedly crashed); *Koosharem Corp. v. Spec Pers., LLC*, No. CIVA 608-583-HFF-WMC, 2008 WL 4458864, at *1 (D.S.C. Sept. 29, 2008) (finding forensic inspection of defendants' computers to be warranted because "not a single email produced by the defendants is an accurate copy of the original email, as the date and time stamp on every email has been modified to reflect the dates the emails were

compiled rather than the dates they were sent" and because "irregularities exist in the emails that were produced that call into question the authenticity of the documents"). Rather, Defendant relies on Plaintiff's email to his personal Gmail to argue that responsive information is being withheld on the personal laptop. However, Defendants generalized allegations fail to make a showing sufficient to warrant an order allowing for the forensic imaging and examination of Plaintiff's personal laptop.

Also, while the Court is certainly mindful of Plaintiff's delays in producing all relevant information to Defendant, both in producing emails and documents on the laptop, it does not find that Plaintiff's brief delay justifies such an intrusive remedy at this juncture. Additionally, Defendant argues that it "is not obligated to take [Plaintiff's] word about what . . . information he does/does not still possess," and forensic examination of Plaintiff's laptop would ensure that they have access to all relevant information. (ECF No. 31 at 3). "Yet, that is precisely how discovery operates." *Survivor a*, 2026 WL 2326237, at *2. "'The discovery process is designed to be extrajudicial, and it relies on responding parties to search their own records and produce documents or other data.'" *Id.* (quoting *Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016)). Rule 26(g) sets forth the scope of the parties' (and their attorneys') certifications regarding their efforts in providing a complete discovery response. Although Plaintiff would suffer no financial burden in complying with Defendant's request given that Defendant has offered to assume the costs of the examination, both the privacy concerns and concerns about the scope of discovery related to Rule 26 clearly weigh against a forensic examination. Defendant has not carried its burden beyond mere suspicion that forensic imaging Plaintiff's personal laptop is necessary to uncover relevant evidence unavailable through less intrusive means considering Plaintiff's representations that no documents have been deleted from his laptop and all responsive information has been or will ultimately be produced. (ECF No. 31-3 at 2). Thus, the Court's consideration of all relevant factors weigh against permitting the exhaustive and intrusive forensic examination requested by Defendant.

To be clear, Defendant will still receive discovery from Plaintiff's personal laptop. "[E]ven when a forensic examination is not warranted, the Federal Rules require a party to conduct a reasonable search of its files to determine whether it has responsive documents in its possession, custody, or control." *Bennett v. State Farm Fire & Cas. Co., Inc.*, No. 6:23-CV-04234-DCC-KFM, 2024 WL 7001845, at *6 (D.S.C. Oct. 31, 2024) Although Plaintiff represents that he has or at least is currently in the process of producing all relevant non-privileged materials from his personal laptop, the Court directs Plaintiff to conduct a search of his laptop for any remaining responsive materials and produce them. Additionally, in light of Defendant's allegation that Plaintiff possesses trade secrets or other confidential information on the laptop, the Court does not foreclose Defendant from later articulating a reason that forensic inspection should otherwise be required based on the supplemental materials produced by Plaintiff. In the event Defendant has reasonable grounds to request that this Court compel forensic examination of the laptop after it has received

all responsive documents from Plaintiff, Defendant shall promptly confer with Plaintiff before raising its concerns with the Court.

Ultimately, Defendant's request for an order compelling the forensic examination of Plaintiff's personal laptop is DENIED.

### B. An Extension of the Scheduling Order is Warranted

Defendant also requests that the Court extend the discovery deadline by 90-days. (ECF No. 31 at 3). District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986). A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012)).

The operative Scheduling Order sets a discovery deadline of November 6, 2026. (ECF No. 17). Defendant asserts that it has diligently pursed discovery in this matter and a 90-day extension is necessary to complete the forensic analysis and review of Plaintiff's laptop. (ECF No. 31 at 3). However, given that this Court denied Defendant's request to forensically examine Plaintiff's laptop, it does not find that a 90-day extension is warranted.

Despite the foregoing, the Court recognizes that the parties have diligently pursued discovery in this matter, including several good faith meet and conferrals to narrow the scope of discovery. The Court further recognizes that this Opinion and Order will be published less than a month before the discovery deadline. As such, an extension of the discovery deadline is necessary to allow Plaintiff to conduct a final examination of his personal laptop and to produce any responsive materials not yet produced. Plaintiff does not point to any prejudice he may suffer should the Court extend the discovery schedule in this manner. Therefore, considering the timing of this Opinion and Order and the lack of prejudice to either Party, the Court finds good cause to extend the scheduling order by sixty days.

## IV. Conclusion

For the foregoing reasons, the Court orders that the scheduling order be extended by sixty days. The discovery requests are otherwise DENIED.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

_______________/s/___________________

J. Mark Coulson
United States Magistrate Judge